**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

POPEYES LOUISIANA KITCHEN, INC.,

    Plaintiff,

vs.

FLORIDA POP, LLC; POP RESTAURANT
HOLDINGS, LLC; POP INVESTMENTS, LLC;
PRONTO CONSOLIDATED, LLC AND
GUILLERMO PERALES,

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Popeyes Louisiana Kitchen, Inc. ("Popeyes") sues Defendants Florida Pop, LLC ("Florida Pop"), Pop Restaurant Holdings, LLC ("Pop Restaurant"), Pop Investments, LLC ("Pop Investments"), Pronto Consolidated, LLC ("Pronto") and Guillermo Perales ("Perales") (Florida Pop, Pop Restaurant, Pop Investments, Pronto and Perales shall be referred to collectively as "Defendants") and states:

1. This is an action to enjoin Florida Pop and Pop Investments's unauthorized use of Popeyes's valuable trademarks and service marks in connection with their unlawful operation of restaurants as authorized POPEYES® restaurants, as well as for damages under the Lanham Act and the agreement between the parties.

## THE PARTIES

2. Plaintiff Popeyes is a Minnesota corporation with its principal place of business in Miami, Florida.

3. Defendant Florida Pop is a Texas limited liability company with its principal place of business in Dallas, Texas.

4. Defendant Pop Restaurant is a Delaware limited liability company with its principal place of business in Dallas, Texas.

5. Defendant Pop Investments is a Texas limited liability company with its principal place of business in Dallas, Texas.

6. Defendant Pronto is a Delaware limited liability company with its principal place of business in Dallas, Texas.

7. Defendant Perales is a citizen and resident of the State of Texas.

## JURISDICTION AND VENUE

8. Popeyes operates and franchises restaurants throughout the world, including the United States. Founded over twenty-five years ago, Popeyes now has more than 2,700 franchised restaurants in the world.

9. Popeyes's franchise operations are conducted and supervised from its world headquarters located in Miami, Florida. Popeyes and Defendants have carried on a continuous course of direct communications by mail, e-mail and by telephone through Popeyes's headquarters in Miami, Florida.

10. The course of dealing between Popeyes, its franchisees, and its licensees, including Defendants, shows that decision-making authority is vested in Popeyes's headquarters in Miami, Florida.

11. Defendants have breached a contract which was to be performed in Florida due to their failure to cease use of the POPEYES® trademarks and system after their license agreement terminated and their failure to pay to Popeyes amounts owed. These breaches have caused damage

to Popeyes at its headquarters in Miami, Florida.

12. This Court has jurisdiction over this action based upon:

(a) Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1337, and 1338(a), for the claims arising out of Defendants' violations of Sections 32, 43(a) and 44 of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1126; and

(b) 28 U.S.C. § 1338(b), and the doctrine of supplemental jurisdiction as codified in 28 U.S.C. § 1367, for the claims arising out of Defendants' breach of contract and common law unfair competition.

(c) Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 and the forum selection clause agreed to by the parties in their written agreement.

13. Defendants have agreed in writing that in any litigation to enforce the terms of the agreement between Popeyes and Defendants, Popeyes, as the prevailing party, shall be paid by Defendants all costs, including attorneys' fees, incurred as a result.

14. Popeyes has engaged the undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing the agreements between Popeyes and Defendants.

## THE POPEYES' MARKS

15. To identify the source, origin and sponsorship of Popeyes's facilities, products, and services, Popeyes has extensively employed, caused to be advertised and publicized throughout the United States (and elsewhere) certain distinctive symbols as trademarks and service marks (the "Marks"). Popeyes owns and was the first to adopt and use the Marks as trademarks and service marks and all right, title and interest in and to the Marks and the design, decor and image of POPEYES® restaurants remains vested solely in Popeyes in Miami, Florida.

16. Popeyes operates and franchises POPEYES® restaurants using the Marks on signs, menu boards, posters, uniforms, packaging, cups and other items in advertising to the public through television, print media and the internet.

17. Set forth below is an abbreviated listing of the Marks registered to Popeyes in the United States Patent and Trademark Office:

| Trademark | Status | Application Number | Application Date | Registration Number | Registration Date | Class |
|---|---|---|---|---|---|---|
| LOVE THAT CHICKEN | Registered | 88/915690 | 05/14/2020 | 6444181 | 08/10/2021 | 43 |
| LOVE THAT CHICKEN FROM POPEYES | Registered | 73/162712 | 03/17/1978 | 1257959 | 11/15/1983 | 42 |
| LOVE THAT CHICKEN! (Stylized) LOVE THAT CHICKEN! | Registered | 73/162713 | 03/17/1978 | 1116753 | 04/17/1979 | 42 |
| P LOUISIANA KITCHEN Seal | Registered | 77/506282 | 06/24/2008 | 3681087 | 09/08/2009 | 29, 43 |
| POPEYES | Registered | 73/029940 | 08/19/1974 | 1021254 | 09/23/1975 | 42 |
| POPEYES | Registered | 73/052658 | 05/19/1975 | 1030944 | 01/20/1976 | 29 |
| POPEYES | Registered | 88/883839 | 04/23/2020 | 6399724 | 06/29/2021 | 29, 30, 35, 43 |
| POPEYES | Registered | 73/162707 | 03/17/1978 | 121096 | 06/26/1979 | 29 |
| POPEYES | Registered | 73/162627 | 03/17/1978 | 1121699 | 07/10/1979 | 30 |
| POPEYES | Registered | 73/766279 | 11/29/1988 | 1552225 | 08/15/1989 | 35 |
| POPEYES (Stylized Standing Letters) (Color) popeyes | Registered | 90/605817 | 03/26/2021 | 6860748 | 09/27/2022 | 43 |

4

| Trademark | Status | Application Number | Application Date | Registration Number | Registration Date | Class |
|---|---|---|---|---|---|---|
| POPEYES (Stylized) | Registered | 73/361550 | 04/26/1982 | 1267567 | 02/21/1984 | 29, 30, 42 |
| POPEYES LOUISIANA KITCHEN & Design | Registered | 77/506242 | 06/24/2008 | 3681086 | 09/08/2009 | 29, 43 |
| POPEYES LOUISIANA KITCHEN (Standing Lockup) (Color) | Registered | 90/605835 | 03/26/2021 | 6860749 | 09/27/2022 | 43 |

18. The registrations of the Marks are currently in full force and effect, and Popeyes has given notice to the public of the registration of the Marks as provided in 15 U.S.C. § 1111.

19. Pursuant to franchise agreements and limited license agreements between Popeyes and its franchisees and licensees, including Defendants, Popeyes grants a limited license and authority to use and display the Marks, but only in the manner prescribed by Popeyes. In no event is a franchisee or licensee authorized to use the Marks after the expiration or termination of its franchise or license. Such unauthorized use is expressly prohibited under the terms of all Popeyes franchise agreements and licenses, including Defendants' agreement with Popeyes.

20. Popeyes and its franchisees have spent many millions of dollars in the United States and abroad advertising and promoting POPEYES® restaurants, services and products.

21. The substantial investment made in the Marks has resulted in valuable goodwill for the Marks in the United States and elsewhere and for the restaurants, products and services bearing those marks. Popeyes's products and services have met with popular approval and, as a result of

Popeyes's extensive sales, advertising, promotion and publicity, the public throughout the world is familiar with the Marks. The products and services associated with the Marks are understood by the public to be produced, marketed, sponsored, supplied by and/or affiliated with Popeyes.

## THE POPEYES SYSTEM

22. Popeyes has developed a comprehensive restaurant operating system ("System") for all Popeyes's franchisees worldwide in order to protect the image of POPEYES® restaurants and to ensure uniform, high-quality standards. The detailed "Brand Standards and Procedures" of the System are set forth in Popeyes' Operating Standards Manual (the "Manual").

23. Every Popeyes franchisee or licensee is required by its agreement to operate its licensed restaurant in accordance with the Manual. The Manual sets forth in detail the mandatory Popeyes's restaurant operating standards, specifications and procedures, including rules governing areas such as food preparation, handling, cleanliness, health, sanitation, quality and speed of service. In addition to these strict quality, service and cleanliness requirements, the Manual prescribes specified training procedures to ensure that these requirements are met. The Manual is a confidential Popeyes document which a franchisee or licensee is permitted to have only during the term of the franchise agreement or license agreement.

24. Popeyes offers a broad range of services to its franchisees and licensees in order to monitor and assist a franchisee's or licensee's compliance with these standards. This enables Popeyes to safeguard the integrity of POPEYES® restaurants, the System and the Marks.

25. Integral to Popeyes's compliance and assistance program are periodic inspections and consultations undertaken by personnel specially trained to observe and advise in all areas of restaurant operating procedure.

26. As a result of its substantial expenditures of money and effort in developing and

implementing the System, Popeyes has established a high reputation and a positive image with the public as to the quality of products and services available at POPEYES® restaurants, which reputation and image have been, and continue to be, valuable assets of Popeyes. Popeyes strives to maintain that reputation through its careful selection of authorized franchise owners, facilities and locations, and its careful supervision over the manner and quality of its restaurant service.

## POPEYES' AGREEMENT WITH DEFENDANTS

### A.   The Terminated Franchise Agreements

27.   Defendants Florida Pop and Pop Investments previously owned 52 restaurants, collectively, as franchised POPEYES® restaurants (collectively the "Restaurants") using the System and the Marks, in accordance with the terms and conditions of franchise agreements (hereinafter collectively the "Franchise Agreements"). The Restaurants are identified on Schedules "1" and "2" of Exhibit "A."

28.   By letters dated (i) February 28, 2023, (ii) March 1, 2023, (iii) March 7, 2023, and (iv) March 27, 2023 (collectively, the "Default and Termination Notices"), Popeyes informed Defendants that certain remaining Franchise Agreements were terminated and, therefore, they no longer had the right to use the Marks and the System at the restaurants, and that they must comply with all post-termination covenants contained in the Franchise Agreements.

29.   By that point, Florida Pop had already entered into limited license agreements (the "Prior Limited Licenses") to operate certain restaurants following the termination of Franchise Agreements associated with those restaurants.

30.   By letters dated (i) February 21, 2023, (ii) March 6, 2023, (iii) March 10, 2023 and (iv) March 27, 2023, Popeyes informed Florida Pop that each of the Prior Limited Licenses were terminated as a result of Florida Pop's defaults.

31. Neither Florida Pop nor Pop Investments complied with its post-termination obligations.

32. On March 15, 2023, Popeyes filed a lawsuit against Florida Pop, Pop Restaurant and Perales captioned *Popeyes Louisiana Kitchen, Inc. v. Florida Pop, LLC, Pop Restaurant Holdings, LLC and Guillermo Perales*, Southern District of Florida Case No. 23-cv-21008 (the "Lawsuit").

### B. The Limited License Agreement and its Relevant Terms

33. To resolve the Lawsuit, on April 3, 2023, Popeyes and Defendants entered a Limited License Agreement. A copy of the Limited License Agreement, as amended, is attached as Exhibit "A."

34. Pursuant to the Limited License Agreement, Florida Pop and Pop Investments were permitted to operate the Restaurants listed on Schedule 1 of the Limited License Agreement (collectively the "Sale Restaurants") through September 30, 2023 (the "Expiration Date") to give them a further opportunity to sell the Sale Restaurants.

35. Defendants also agreed to pay to Popeyes amounts previously owed to Popeyes under the Franchise Agreements and other agreements between the parties, including attorneys' fees and costs and interest at a rate of ten percent per annum.

36. Upon the termination or expiration of the Limited License Agreement, Defendants were prohibited from identifying themselves as either a current or former POPEYES® franchisee or licensee, from displaying or using any of Popeyes's trade secrets, promotional materials, the Marks, or any mark confusingly similar. Defendants were further required, upon termination or expiration of their Limited License Agreement, to immediately make such removals or changes in signs and the building so as to effectively distinguish the building and premises from its former

appearance and from any other POPEYES® Restaurant.

### C. Defendants' Breaches of the Limited License Agreement

37. Pursuant to the express terms of the Limited License Agreement, Florida Pop and Pop Investments were only permitted to operate the restaurants through the Expiration Date of September 30, 2023.

38. On October 11, 2023, Popeyes sent Florida Pop, Pop Investments and Perales a letter confirming that the Limited License Agreement had been terminated and demanding that they comply with their post-term obligations.

39. In violation of the Limited License Agreement, despite the Expiration Date passing, Florida Pop and Pop Investments continue to hold themselves out to the public as owning and operating genuine and authorized POPEYES® Restaurants by continuing to display and/or use the Marks at the restaurants listed on Exhibit "B" (collectively the "Unlawfully Operating Restaurants").

40. Florida Pop and Pop Investments have also breached the Limited License Agreement by failing to de-identify all of the Unlawfully Operating Restaurants, along with the Restaurants listed on Exhibit "C" (collectively the "Non-Operating Restaurants") (the Unlawfully Operating Restaurants and the Non-Operating Restaurants shall be referred to collectively as the "Remaining Restaurants"). In so doing, Florida Pop and Pop Investments are infringing upon the Marks and breaching their explicit obligations under the License Agreement.

41. Popeyes has demanded that Defendants comply with their post-termination obligations, but Defendants refused and continue to operate the Unlawfully Operating Restaurants without a license and refuse to de-identify all of the Remaining Restaurants.

42. Moreover, Defendants have failed to pay to Popeyes amounts owed under the

Limited License Agreement.

43. Additionally, Defendants have not returned the Manuals and other operational manuals to Popeyes as required.

## LIKELIHOOD OF CONSUMER CONFUSION AND DECEPTION

44. Florida Pop and Pop Investments have not tendered to Popeyes or removed all POPEYES® signs, logos, menu boards, posters, translights, uniforms, plates, cups, tray liners, and other items bearing the Marks, name, symbols, or slogans, or which are otherwise identified with POPEYES® Restaurants and are located at the Remaining Restaurants.

45. Florida Pop and Pop Investments's continued display of the Marks or any items associated with the POPEYES® name, symbols, or slogans at the Remaining Restaurants is without Popeyes' license or consent.  Upon seeing the familiar Marks, through Florida Pop and Pop Investments's unauthorized display thereof, consumers will be deceived into concluding that the Remaining Restaurants are sponsored or endorsed by Popeyes, and bear the Marks pursuant to Popeyes' authority and permission.  Such impressions will have a material influence on customers' purchasing decisions, as well as Popeyes' goodwill and reputation.

46. By reason of the foregoing, Popeyes has suffered damages, in an amount presently unknown yet substantial.

47. Popeyes will suffer serious, immediate, and irreparable harm if Florida Pop and Pop Investments's willful infringement of the Marks at the Remaining Restaurants is not immediately enjoined.  Popeyes's goodwill and reputation will suffer by virtue of the public's identification of Popeyes with the Remaining Restaurants bearing its Marks.

48. Florida Pop and Pop Investments's display of the Marks at the Remaining Restaurants poses an immediate threat to the distinct, exclusive image Popeyes has created at great expense for its franchisees.  POPEYES® Restaurants, services, and products are known by the

Marks which are emblematic of their distinctive source. POPEYES® Restaurants enjoy a special appeal to consumers which will be diluted by the existence of infringing restaurants with products and services bearing the distinctive Marks. The intangible, but commercially indispensable, value that the POPEYES® Restaurants now enjoy will be severely undermined by the use and display of the Marks at the Remaining Restaurants.

49. Perales, through his operation of or failure to deidentify the Remaining Restaurants and acting in his capacity as the owner and operator of the Remaining Restaurants, has actively and knowingly used Popeyes's Marks. Perales directs and controls the operation of the Remaining Restaurants and is responsible for directing sales and marketing services at the Remaining Restaurants using Popeyes's Marks.

50. Perales actively and knowingly caused the unlawful use of Popeyes's Marks.

51. All conditions precedent to the institution of this action have been satisfied, discharged, excused and/or waived.

### COUNT I – LANHAM ACT INFRINGEMENT AGAINST FLORIDA POP, POP INVESTMENTS AND PERALES

52. Popeyes re-alleges and incorporates Paragraphs 1 through 51 above as if fully set forth herein.

53. Florida Pop, Pop Investments and Perales's acts constitute infringements of Popeyes's registered trademarks and service marks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

### COUNT II – LANHAM ACT FALSE DESIGNATIONS AGAINST FLORIDA POP, POP INVESTMENT AND PERALES

54. Popeyes re-alleges and incorporates Paragraphs 1 through 51 above as if fully set forth herein.

55. Florida Pop, Pop Investments and Perales's acts constitute false designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

### COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AGAINST FLORIDA POP AND POP INVESTMENTS

56. Popeyes re-alleges and incorporates Paragraphs 1 through 51 above as if fully set forth herein.

57. Florida Pop and Pop Investments's acts constitute unlawful trademark and service mark infringements under the common law.

### COUNT IV – COMMON LAW UNFAIR COMPETITION AGAINST FLORIDA POP AND POP INVESTMENTS

58. Popeyes re-alleges and incorporates Paragraphs 1 through 51 above as if fully set forth herein.

59. Florida Pop and Pop Investments's acts constitute unfair competition under the common law.

### COUNT V – BREACH OF LIMITED LICENSE AGREEMENT AGAINST ALL DEFENDANTS

60. Popeyes re-alleges and incorporates Paragraphs 1 through 51 above as if fully set forth herein.

61. Defendants have not complied with the post-termination obligations in the Limited License Agreement requiring, among other things, that Defendants immediately cease and desist from all use of the Marks at the Remaining Restaurants.

62. Furthermore, Defendants have breached their obligation to return the Manuals and pay to Popeyes amounts owed under the Limited License Agreement.

63. These breaches have directly and proximately caused loss and damage to Popeyes.

## **DEMAND FOR ATTORNEYS' FEES AND COSTS**

The agreement at issue in this litigation provides that Defendants shall pay Popeyes all damages, costs and expenses, including reasonable attorneys' fees, incurred by Popeyes in connection with its enforcement. Popeyes hereby demands that it be reimbursed by Defendants for all costs and expenses (including attorneys' fees) relating to prosecution of this action.

## **REQUEST FOR RELIEF**

WHEREFORE, Popeyes Louisiana Kitchen, Inc. demands judgment against Defendants Florida Pop, LLC, Pop Investments, LLC, Guillermo Perales, Pop Restaurant Holdings, LLC and Pronto Consolidated, LLC for:

1. Preliminary and permanent injunctions enjoining Florida Pop, LLC and Pop Investments, LLC and all persons acting on their behalf, in concert with, or under their control, from:

 (a) manufacturing, packaging, distributing, selling, advertising, displaying, or promoting any product or service bearing any of the Marks, or any colorable imitation thereof at the Remaining Restaurants;

 (b) displaying or using any of the Marks to advertise or promote the sale of, or to identify, the Remaining Restaurants, or any product or service provided therein; and

 (c) making in any manner whatsoever any statement or representation, or performing any act, likely to lead members of the public to believe that the Remaining Restaurants and the products and services provided therein, are in any manner, directly or indirectly, associated, affiliated, or connected with, or licensed, sponsored, authorized, or approved by Popeyes.

2. Preliminary and permanent injunctions directing Florida Pop, LLC and Pop Investments, LLC and all persons acting on their behalf, in concert with them, or under their

13

control, to:

      (a)    recall and deliver up to Popeyes all signs, banners, labeling, packaging, advertising, promotional, display and point-of-purchase materials which bear, or make reference to, any of the Marks, or any colorable imitation of the Marks at the Remaining Restaurants;

      (b)    recall and deliver up to Popeyes on all copies and editions of the Manual that are in their actual or constructive, direct or indirect, possession, custody or control, including all supplements and addenda thereto and all other materials containing restaurant operating instructions, restaurant business practices, or plans of Popeyes to the extent that there are any at the Remaining Restaurants;

      (c)    allow Popeyes, at a reasonable time, to enter the premises of the Remaining Restaurants and make whatever changes, including removal of tangible assets, that are necessary to distinguish the premises from its appearance as a POPEYES® Restaurant, and;

      (d)    account and pay over to Popeyes all gains, profits, and advantages derived by them from any trademark and service mark infringement, breach of contract, and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. §1117 and by the controlling principles of common law.

3.    Money damages, plus three times additional actual damages Popeyes has sustained by reason of Florida Pop, LLC, Pop Investments, LLC and Guillermo Perales's trademark and service mark infringement and unfair competition, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117;

4.    Punitive damages because of the willful nature of Defendants' actions;

5.    Pre-judgment interest and Popeyes' reasonable attorneys' fees incurred in protecting its rights in this action in accordance with the terms of the Limited License Agreement,

and because of the willful nature of the infringement, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117;

6. An order enjoining Defendants from owning, operating or having any interest in any "Chicken Restaurant" or "Disqualifying Restaurant," as defined in the Franchise Agreements, within a ten-mile radius of the Restaurants for a two-year period;

7. Compensatory damages, lost profits, and attorneys' fees and costs against Defendants due to their breaches of the agreements;

8. An order directing Defendants to file with the Court, and to serve on Popeyes's counsel within ten days after service of any injunction or order issued herein, or within such a reasonable time as the Court shall direct, a report, in writing and under oath, setting forth in detail the manner in which they have complied with such injunction or order;

9. All attorneys' fees, costs, disbursements, and expenses of this action; and

10. All such other relief as this Court may deem just and proper.

Dated: October 16, 2023                         Respectfully submitted,

/s/ Michael D. Joblove_____
Michael D. Joblove, Esq.
Florida Bar No.: 354147
mdjoblove@venable.com
Aaron S. Blynn, Esq.
Florida Bar No.: 73464
asblynn@venable.com
VENABLE LLP
4400 Miami Tower
100 Southeast Second Street
Miami, Florida  33131
Telephone:    (305) 349-2300
Facsimile:    (305) 349-2310
*Attorneys for Popeyes Louisiana Kitchen, Inc.*